1  LAW OFFICES OF MICHAEL D. SCHULMAN
   MICHAEL D. SCHULMAN, ESQ., SBN 137249
2  18757 Burbank Blvd., Suite 310
   Tarzana, CA  91356-3375
3  (818) 999-5553 / (818) 999-5570 - fax
   mike@schulmanlawoffices.com
4

5  Attorneys for CITIBANK, N.A.

6

7

8                    UNITED STATES DISTRICT COURT

9         CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

10

11  PAUL McMULLEN,                      )   CASE NO.:
                                        )
12              Plaintiff,              )   NOTICE OF REMOVAL BY DEFENDANT
                                        )
13         v.                           )   Pursuant to 28 U.S.C. Section 1331
                                        )
14  CITIBANK, N.A.,  and DOES 1 - 10,   )   (Federal Question)
    inclusive,                          )
15                                      )
                                        )
16              Defendant.              )
                                        )
17  _____   )

18       TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF

19  CALIFORNIA, EASTERN DIVISION:

20       PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. Sections 1331, 1441(b) and

21  Section 1446 of Title 28 of the United States Code, defendant Citibank, N.A. ("Defendant")

22  hereby removes the action entitled Paul McMullen v. Citibank, N.A., Superior Court of the

23  State of California for the County of Riverside, Case No. RIC 1704151(the "Action"), filed by

24  plaintiff Paul McMullen ("Plaintiff"), to the United States District Court for the Central District of

25  California, on the following grounds:

26       1.    On or about March 14, 2017, Defendant received service of Plaintiff's Complaint.

27  A true and correct copy of the Plaintiff's Complaint, purportedly served on Defendant, is

28  attached hereto as Exhibit "1".

2.   Defendant has timely filed this Notice of Removal within thirty days of the purported service of the Summons and Complaint.  See 28 U.S.C. Section 1446(b).

### FEDERAL QUESTION

3.   The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. Section 1441, in that Plaintiff alleges violation of the Telephone Consumer protection Act, 47 U.S.C. Section 227, a claim that is created by, and arises under, federal law.   To the extent any other claims in the Action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. Sections 1367 and 1441(c).

4.   This Court is the proper district court for removal because the Superior Court of California, County of Riverside, is located within the United States District Court for the Central District of California, Eastern Division.

5.   A true and correct copy of Defendant's Answer to Complaint, served upon Defendant in the Action is attached hereto as Exhibit "2".

6.   True and correct copies of all other documents filed in the Action are attached hereto as Exhibit "3".

7.   Defendant simultaneously is filing a copy of this Notice of Removal with the Superior Court of the State of California for the County of Riverside, Limited Civil. Defendant will serve Plaintiff with copies of this Notice of Removal and the Notice filed in the state court.

8.   By virtue of this Notice of Removal of Action and the Notice filed in the Action, Defendant does not waive its rights to assert any personal jurisdictional defense or other motions, including Rule 12 motions and/or motions to compel arbitration permitted by the Federal Rules of Civil Procedure.

DATED: April 11, 2017            LAW OFFICES OF MICHAEL D. SCHULMAN

By _____
MICHAEL D. SCHULMAN
Attorneys for CITIBANK, N.A

# EXHIBIT "1"

**COPY**

**SUM-100**

## SUMMONS
**BY FAX**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITIBANK, N.A., and DOES 1 -- 10 inclusive,

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MAR 08 2017

PAUL MCMULLEN,

E. Rodriguez

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* Riverside Historic Courthouse | CASE NUMBER: *(Número del Caso):* **RIC 1704151** |
|---|---|

4050 Main Street
Riverside, CA 92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780, Woodland Hills, CA 91367, 877-206-4741

| DATE: MAR 08 2017 *(Fecha)* | Clerk, by *(Secretario)* Lizeth Rodriguez | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* **CITIBANK, N.A.**
   under: [ ] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
   [X] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov American LegalNet, Inc. www.FormsWorkflow.com |

COPY

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 08 2017

E. Rodriguez

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF RIVERSIDE
LIMITED JURISDICTION

Case No. **RIC** 1704151

PAUL McMULLEN,

Plaintiff,

vs.

CITIBANK, N.A., and DOES 1 – 10
inclusive,

Defendant,

**COMPLAINT**
(Amount not to exceed $10,000)

1. Violation of Rosenthal Fair Debt
   Collection Practices Act
2. Violation of Telephone Consumer
   Protection Act

**JURY DEMANDED**

BY FAX

## I. INTRODUCTION

1.     This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. PARTIES

2.     Plaintiff, PAUL McMULLEN ("Plaintiff"), is a natural person residing in Riverside County in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(h). Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

Complaint - 1

3. At all relevant times herein, Defendant, CITIBANK, N.A. ("Defendant"), is a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

4. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7. Over the last year, Defendant called Plaintiff's cell phone ending in -2890 numerous times. Defendant routinely made multiple calls to Plaintiff. Defendant's calls were excessive and harassing to Plaintiff.

8. Defendant's calls were made to Plaintiff in connection with collection on an alleged debt.

9.     Defendant called from telephone numbers confirmed to belong to Defendant, including without limitation (816) 426-4632.

10.     Despite this, Defendant continued to call Plaintiff, thereby causing her to feel harassed, anxious, and annoyed.

11.     As a result of Defendant's actions, Plaintiff have retained counsel. Plaintiff's counsel sent a notice of representation on or about August 9, 2016. Defendant has failed to respond to that letter at this time.

12.     Defendant also used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

13.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

14.     Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

15.     §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

16.     Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

   a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code § 1788.11(d));
   b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e));
   c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (15 U.S.C. § 1692d(5));

d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (15 U.S.C. § 1692c(a)(1)) ; and

e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (15 U.S.C. § 1692d)).

17. Defendant's conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

18. As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates by reference all of the preceding paragraphs.

20. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees;
D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF TELEPHONE
## CONSUMER PROTECTION ACT

21. Plaintiff incorporates by reference all of the preceding paragraphs.

Complaint - 4

22. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq..

23. As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

24. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*.

25. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

26. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B);

B. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C); and

C. Any and all other relief that the Court deems just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 8th day of March, 2017.

By:

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 5

# EXHIBIT "2"

COPY

1   LAW OFFICES OF MICHAEL D. SCHULMAN
2   MICHAEL D. SCHULMAN, ESQ.  SBN 137249
    18757 Burbank Blvd., Suite 310
3   Tarzana, CA  91356-3375
    Telephone: (818) 999-5553/Fax : (818) 999-5570
4   mike@schulmanlawoffices.com

5   Attorneys for Citibank, N.A.



FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 11 2017

M. Criel

6

7

8         SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

9           HISTORIC COURTHOUSE, LIMITED CIVIL CASE

10

11   Paul McMullen,                     **BY FAX**

                          CASE NO.  RIC 1704151
12         Plaintiff,
                          ANSWER OF CITIBANK, N.A. TO
13         vs.                    COMPLAINT

14   Citibank, N.A., and Does 1-10, inclusive,

15         Defendants.

16

17

18         Defendant, Citibank, N.A. (the "Bank") for itself alone and for no other defendant

19   or defendants, answers in response to plaintiff's Paul McMullen ("Plaintiff") Complaint

20   on file herein as follows:

21         1.   Under and in accordance with the provisions of Section 431.30 of the

22   California Code of Civil Procedure, the Bank denies, both generally and specifically,

23   each and every allegation contained in each paragraph of the Complaint and the Bank

24   expressly denies that Plaintiff is entitled to recover from the Bank any sum or sums

25   whatsoever.

26                   FIRST AFFIRMATIVE DEFENSE

27         2.   The Complaint fails to state facts sufficient to constitute a cause of action

28   against the Bank.

## SECOND AFFIRMATIVE DEFENSE

3.   Plaintiff's claims are subject to binding arbitration, upon election of either party, pursuant to the arbitration agreement contained in the written terms and conditions governing Plaintiff's credit card account.  The Bank reserves its right to elect arbitration of this dispute pursuant to such arbitration agreement.

## THIRD AFFIRMATIVE DEFENSE

4.   If the Plaintiff suffered or sustained any loss or damage, the same was directly and proximately caused and contributed to by the conditions and hazards of which Plaintiff is well aware and assumed the risks thereof.

## FOURTH AFFIRMATIVE DEFENSE

5.  Plaintiff, by the exercise of diligence, could have mitigated against the damages alleged in the Complaint; therefore, the damages, if any, suffered by Plaintiff, must be reduced, diminished or defeated by such amounts as should have been mitigated by him.

## FIFTH AFFIRMATIVE DEFENSE

6.  Plaintiff has come to the Court with unclean hands and is not entitled to any affirmative relief from this Court.

## SIXTH AFFIRMATIVE DEFENSE

7.   Plaintiff is estopped from asserting any obligation of the Bank by Plaintiff and/or Plaintiff's agent's own conduct.

## SEVENTH AFFIRMATIVE DEFENSE

8.   Liability owed to Plaintiff, if any, is owed by parties other than the Bank.

## EIGHTH AFFIRMATIVE DEFENSE

9.  Plaintiff consented to and approved all of the acts and omissions about which he now complains.

NINTH AFFIRMATIVE DEFENSE

10. If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff and not the Bank.

TENTH AFFIRMATIVE DEFENSE

11.  If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by the Bank.

ELEVENTH AFFIRMATIVE DEFENSE

12.  The Bank specifically denies that it acted with any oppression, fraud or malice towards Plaintiff or others.

TWELFTH AFFIRMATIVE DEFENSE

13. The Bank is immune, in whole or in part, from Plaintiff's claims.

THIRTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are pre-empted, in whole or in part.

FOURTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff is precluded from asserting any obligation of the Bank due to Plaintiff's failure to comply with conditions precedent.

FIFTEENTH AFFIRMATIVE DEFENSE

16.  The Bank's conduct was privileged at all relevant times.

SIXTEENTH AFFIRMATIVE DEFENSE

17.  The acts and conduct of Plaintiff and/or Plaintiff's agents precluded and interfered with any such acts or conduct required to be performed on the part of the Bank.

3

ANSWER TO COMPLAINT

## SEVENTEENTH AFFIRMATIVE DEFENSE

18. Each of the causes of action set forth in the Complaint are barred by the applicable statute of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

19. If the Bank is determined to have any liability to the Plaintiff, the amount of such liability, if any, is subject to setoff of the amounts owed by Plaintiff to the Bank.

## NINETEENTH AFFIRMATIVE DEFENSE

20. The Complaint is barred, in whole or in part, because any alleged wrongful conduct on the part of the Bank, which is assumed only for the purpose of this affirmative defense, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## TWENTIETH AFFIRMATIVE DEFENSE

21. CITIBANK contends that PLAINTIFF is not entitled to any damages from CITIBANK due to improper joinder.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

22. PLAINTIFF lacks standing to assert the causes of action stated because, among other things, the PLAINTIFF suffered no damages from the alleged wrongful conduct of CITIBANK.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

23. The Bank reserves the right to assert additional and/or further affirmative defenses during the course of this litigation as such become known throughout the course of this litigation.

WHEREFORE, the Bank prays for judgment against Plaintiff as follows:

A. That Plaintiff take nothing by way of his Complaint;

B.   That the Bank be awarded its attorney fees, costs and disbursements incurred herein;

C.  For such other and further relief as this Court deems just and proper.

DATED: April 11, 2017          LAW OFFICES OF MICHAEL D. SCHULMAN

By _____

Michael D. Schulman
Attorneys for Citibank, N.A.

PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 18757 Burbank Blvd., Suite 310, Tarzana, CA  91356-3375.

On April _11_, 2017, I served the document described as:

**ANSWER OF CITIBANK, N.A. TO COMPLAINT**

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman
21550 Oxnard Street, Suite 780
Woodland Hills, CA  91367

_X_   BY MAIL

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___   BY PERSONAL DELIVERY.

___   BY FACSIMILE DELIVERY.

_X_   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

___   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April _11_, 2017, at Tarzana, California.

_____Yvette Montejo_____
         Name

_____
         Signature

# EXHIBIT "3"

# COPY

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752 Law Offices of Todd M. Friedman 21550 Oxnard St., Suite 780 Woodland Hills, CA 91367 | |

TELEPHONE NO.: 877-206-4741   FAX NO.: 866-633-0228
ATTORNEY FOR (Name): Plaintiff, PAUL MCMULLEN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main St.,
MAILING ADDRESS: 4050 Main St.,
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
PAUL MCMULLEN v. CITIBANK, N.A.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) | ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | RIC 1704151 |
| | | | JUDGE: |
| | | | DEPT: |

BY FAX

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | Real Property | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| Non-PI/PD/WD (Other) Tort | ☐ Wrongful eviction (33) | Enforcement of Judgment |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | Miscellaneous Civil Petition |
| ☐ Professional negligence (25) | Judicial Review | ☐ Partnership and corporate governance (21) |
| ☑ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| Employment | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 8, 2017

Todd M. Friedman
(TYPE OR PRINT NAME)                    ▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc. www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

| | | |
|---|---|---|
| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation (Cal.** |
| Auto (22)–Personal Injury/Property | Breach of Contract/Warranty (06) | **Rules of Court Rules 3.400–3.403)** |
| Damage/Wrongful Death | Breach of Rental/Lease | Antitrust/Trade Regulation (03) |
| Uninsured Motorist (46) *(if the* | Contract *(not unlawful detainer* | Construction Defect (10) |
| *case involves an uninsured* | *or wrongful eviction)* | Claims Involving Mass Tort (40) |
| *motorist claim subject to* | Contract/Warranty Breach–Seller | Securities Litigation (28) |
| *arbitration, check this item* | Plaintiff *(not fraud or negligence)* | Environmental/Toxic Tort (30) |
| *instead of Auto)* | Negligent Breach of Contract/ | Insurance Coverage Claims |
| **Other PI/PD/WD (Personal Injury/** | Warranty | *(arising from provisionally complex* |
| **Property Damage/Wrongful Death)** | Other Breach of Contract/Warranty | *case type listed above)* (41) |
| **Tort** | Collections (e.g., money owed, open | **Enforcement of Judgment** |
| Asbestos (04) | book accounts) (09) | Enforcement of Judgment (20) |
| Asbestos Property Damage | Collection Case–Seller Plaintiff | Abstract of Judgment (Out of |
| Asbestos Personal Injury/ | Other Promissory Note/Collections | County) |
| Wrongful Death | Case | Confession of Judgment *(non-* |
| Product Liability *(not asbestos or* | Insurance Coverage *(not provisionally* | *domestic relations)* |
| *toxic/environmental)* (24) | *complex)* (18) | Sister State Judgment |
| Medical Malpractice (45) | Auto Subrogation | Administrative Agency Award |
| Medical Malpractice– | Other Coverage | *(not unpaid taxes)* |
| Physicians & Surgeons | **Other Contract (37)** | Petition/Certification of Entry of |
| Other Professional Health Care | Contractual Fraud | Judgment on Unpaid Taxes |
| Malpractice | Other Contract Dispute | Other Enforcement of Judgment |
| Other PI/PD/WD (23) | **Real Property** | Case |
| Premises Liability (e.g., slip | Eminent Domain/Inverse | **Miscellaneous Civil Complaint** |
| and fall) | Condemnation (14) | RICO (27) |
| Intentional Bodily Injury/PD/WD | Wrongful Eviction (33) | Other Complaint *(not specified* |
| (e.g., assault, vandalism) | Other Real Property (e.g., quiet title) (26) | *above)* (42) |
| Intentional Infliction of | Writ of Possession of Real Property | Declaratory Relief Only |
| Emotional Distress | Mortgage Foreclosure | Injunctive Relief Only *(non-* |
| Negligent Infliction of | Quiet Title | *harassment)* |
| Emotional Distress | Other Real Property *(not eminent* | Mechanics Lien |
| Other PI/PD/WD | *domain, landlord/tenant, or* | Other Commercial Complaint |
| **Non-PI/PD/WD (Other) Tort** | *foreclosure)* | Case *(non-tort/non-complex)* |
| Business Tort/Unfair Business | **Unlawful Detainer** | Other Civil Complaint |
| Practice (07) | Commercial (31) | *(non-tort/non-complex)* |
| Civil Rights (e.g., discrimination, | Residential (32) | **Miscellaneous Civil Petition** |
| false arrest) *(not civil* | Drugs (38) *(if the case involves illegal* | Partnership and Corporate |
| *harassment)* (08) | *drugs, check this item; otherwise,* | Governance (21) |
| Defamation (e.g., slander, libel) | *report as Commercial or Residential)* | Other Petition *(not specified* |
| (13) | **Judicial Review** | *above)* (43) |
| Fraud (16) | Asset Forfeiture (05) | Civil Harassment |
| Intellectual Property (19) | Petition Re: Arbitration Award (11) | Workplace Violence |
| Professional Negligence (25) | Writ of Mandate (02) | Elder/Dependent Adult |
| Legal Malpractice | Writ–Administrative Mandamus | Abuse |
| Other Professional Malpractice | Writ–Mandamus on Limited Court | Election Contest |
| *(not medical or legal)* | Case Matter | Petition for Name Change |
| Other Non-PI/PD/WD Tort (35) | Writ–Other Limited Court Case | Petition for Relief From Late |
| **Employment** | Review | Claim |
| Wrongful Termination (36) | Other Judicial Review (39) | Other Civil Petition |
| Other Employment (15) | Review of Health Officer Order | |
| | Notice of Appeal–Labor | |
| | Commissioner Appeals | |

CM-010 [Rev. July 1, 2007]

## CIVIL CASE COVER SHEET

Page 2 of 2

This form should not be filed using the plaintiff later tag vs the via final minute for Judge (or Action)

**COPY**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ BANNING 135 N. Alessandro Rd., Banning, CA 92220
☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
☐ HEMET 880 N. State St., Hemet, CA 92543
☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☐ RIVERSIDE 4050 Main St., Riverside, CA 92501
☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591

RI-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752 | |
| Law Offices of Todd M. Friedman, PC | **FILED** |
| 21550 Oxnard St., Suite 780 | SUPERIOR COURT OF CALIFORNIA |
| Woodland Hills, CA 91367 | COUNTY OF RIVERSIDE |
| TELEPHONE NO: 877-206-4741    FAX NO. (Optional): 866-633-0228 | **MAR 08 2017** |
| EMAIL ADDRESS (Optional): tfriedman@toddflaw.com | |
| ATTORNEY FOR (Name): Plaintiff, PAUL MCMULLEN | **E. Rodriguez** |

PLAINTIFF/PETITIONER: PAUL MCMULLEN

DEFENDANT/RESPONDENT: CITIBANK, N.A., and DOES 1 – 10 inclusive

| CASE NUMBER: |
|---|
| **RIC 1704151** |

**BY FAX**

CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: 92595

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 03/08/17

Todd M. Friedman
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

| | |
|---|---|
| Approved for Optional Use Riverside Superior Court RI-030 (Rev. 06/18/15) | **CERTIFICATE OF COUNSEL** | Page 1 of 1 Local Rule 1.0015 www.riverside.courts.ca.gov/localrules/localrules.shtml |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA 92501
www.riverside.courts.ca.gov

## NOTICE OF ASSIGNMENT TO DEPARTMENT

MCMULLEN VS CITIBANK NA

### CASE NO. RIC1704151

This case is assigned to the Honorable Commissioner David E. Gregory in Department 11 for all purposes.

The Trial Setting Conference is scheduled for 09/05/17 at 8:30 in Department 11.

Department 11 is located in the Riverside Civil Division at 4050 Main Street, Riverside, CA 92501.

Pursuant to recent amendments to California Rules of Court 3.720, the court is temporarily eliminating case management rules and therefore will not require parties to file case management statements.

Jury fees are due no later than 365 calendar days after the filing of the initial complaint pursuant to CCP 631 (c) (2).

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

**Elizeth Rodriguez**

Date: 03/08/17                     by:

ELIZETH RODRIGUEZ, Deputy Clerk

CNADJC
5287E

PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

     I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 18757 Burbank Blvd., Suite 310, Tarzana, CA  91356-3375.

     On April *12*, 2017, I served the document described as:

**NOTICE OF REMOVAL BY DEFENDANT**

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman
21550 Oxnard Street, Suite 780
Woodland Hills, CA  91367


_X_   BY MAIL

     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___   BY PERSONAL DELIVERY.

___   BY FACSIMILE DELIVERY.

___ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_X_   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April *12*, 2017, at Tarzana, California.

| | |
|---|---|
| _____<br>Yvette Montejo<br>Name | _____<br>Signature |